IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY JUNIOR WEBSTER,

       Petitioner,

  v.

S.W. ORNOSKI, Acting Warden of the California State Prison at San Quentin,

       Respondent.

No. CIV.S-93-0306 LKK DAD DP

ORDER

**DEATH PENALTY CASE**

       This capital habeas action came before the court on June 12, 2006, for hearing on petitioner's motion for an order authorizing depositions to preserve testimony and petitioner's motion for an evidentiary hearing. James S. Thomson and Timothy J. Foley appeared on behalf of petitioner. Stanley A. Cross and Patrick J. Whalen appeared on behalf of respondent. Having considered all written materials submitted in connection with the motions, and after hearing oral argument, for the reasons set forth below, petitioner's motions will be granted.

1

**I.   Petitioner's Motion for Order Authorizing Depositions**

The parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir.), cert. denied, 540 U.S. 1013 (2003).  Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  Rule 6(a), Rules Governing § 2254 Cases. See also Bracy, 520 U.S. at 904.  Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). Accord Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004).  In order to obtain discovery a petitioner need not demonstrate that he will prevail on the claim underlying the discovery request.  See Bracy, 520 U.S. at 909 ("It may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support a finding of actual judicial bias in the trial of his case, but we hold that he has made a sufficient showing . . . to establish 'good cause' for discovery."); Pham, 400 F.3d at 743.  Thus, it has been "held that a district court abused its discretion in not ordering Rule 6(a) discovery when the discovery was 'essential' for the habeas petitioner to 'develop fully' his underlying claim. Pham, 400 F.3d at 743 (quoting Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir.

1997)). See also McDaniel v U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997) (finding that the district court "acted well within its discretion in ordering discovery" where the petitioner's claims did "not appear purely speculative or without any basis in the record.").

Federal courts have "the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and justice require[.]'" Bracy, 520 U.S. at 904 (citations omitted) (quoting Harris, 394 U.S. at 299-300). See also Bittaker, 331 F.3d at 728. This includes the authority to approve of the taking of evidentiary depositions. See Wilson v. Weigel, 387 F.2d 632, 634 (9th Cir. 1967).

Here, petitioner seeks an order authorizing the depositions of seven witnesses: Maggie Crutchfield; Albert Williams; Vinita Webster; Lenora Mitchell; Marvin Jones; Pauline Jones; and Linda Webster. Petitioner seeks to depose each of these witnesses to preserve their testimony with respect to penalty phase mitigation testimony that was available to, but not presented by, petitioner's trial counsel. See Pet'r's Prelim. Proffer in Supp. of Mot. for Evid. Hr'g, Exs. 1, 2, 3, 5, 12, 24 & 25. Petitioner has demonstrated that each of the witnesses has important personal knowledge relating to petitioner's claims and is either over 80 years of age or has a serious health condition. See Tennison v. Henry, 203 F.R.D. 435, 439-41 (N.D. Cal. 2001) (finding good cause and granting motion to depose witnesses in order to preserve their testimony in a federal habeas action). Therefore, petitioner has shown good cause

3

for taking the desired depositions to preserve the witnesses' testimony. Moreover, respondent does not object to the taking of the requested depositions, provided they are videotaped. The undersigned agrees that it is appropriate to videotape the depositions of the seven witnesses.

Accordingly, the court will grant petitioner's motion for order allowing depositions to preserve the testimony in question. The parties will be directed to meet and confer to schedule mutually convenient dates and locations for the depositions, which shall be videotaped absent further order of the court. The depositions shall be taken as soon as practicable.

## II.  Petitioner's Motion for Evidentiary Hearing

Petitioner having filed his habeas petition prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), the pre-AEDPA standard for the granting of evidentiary hearings applies in this case. See Jones, 114 F.3d at 1013. "A habeas petitioner is entitled to an evidentiary hearing on a claim if (1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir. 1995) (internal quotations omitted). Accord Silva v. Woodford, 279 F.3d 825, 853 (9th Cir. 2002). See also Townsend v. Sain, 372 U.S. 293, 312 (1963)("Therefore, where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the

4

application is made has the power to receive evidence and try the facts anew."), overruled on other grounds in Keeney v. Tamayo-Reyes, 504 U.S. 1, 5 (1992). Under this standard an evidentiary hearing is required "where the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on th[e] claim ...." Earp v. Ornoski, 431 F.3d 1158, 1167 (9th Cir. 2005). See also United States v. Navarro-Garcia, 926 F.2d 818, 822 (9th Cir. 1991) ("Unless the court is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial, an evidentiary hearing must be held."). A motion for evidentiary hearing in this context is thus measured against the relatively "low bar" of alleging a colorable claim for relief. Landrigan v. Schriro, 441 F.3d 638, 650 (9th Cir. 2006) (en banc) (quoting Earp, 431 F.3d at 1170).[1]

      Petitioner seeks an evidentiary hearing on three of the remaining ten claims in this capital habeas action. Those three claims include the claims of ineffective assistance of counsel during the penalty phase of the trial; that California's capital sentencing statute fails to narrow the application of the death penalty in any meaningful way; and that petitioner was denied his right to meaningful appellate review by the California Supreme Court. Respondent opposes the motion for evidentiary hearing, primarily arguing that much of the evidence proffered by petitioner in support

---

[1] Even when an evidentiary hearing is not mandated, the district court retains the discretion to hold one. Seidel v. Merkle, 146 F.3d 750, 753-55 (9th Cir. 1998).

of the motion is made up of "unexhausted factual assertions" which are inadmissible in these habeas proceedings.  Below the court addresses respondent's primary argument and then turns to whether an evidentiary hearing on each of the three claims is appropriate.

> **A.  Petitioner's Claim of Ineffective Assistance of Counsel at the Penalty Phase Trial**

Because petitioner was not afforded a hearing by the state court, he is entitled to an evidentiary hearing if he has presented a colorable claim of ineffective assistance of counsel during the penalty phase.[2]

In arguing that petitioner's motion for evidentiary hearing on his ineffective assistance of counsel claim is based upon unexhausted factual assertions, respondent contends that because most of the declarations in petitioner's preliminary proffer are of relatively recent vintage and were not presented to the state court they cannot be considered by this court.  Respondent also asserts that petitioner's declarations either fundamentally alter the ineffective assistance of counsel claim presented to the state court, or, if they do not, are irrelevant and should not be considered.

Petitioner responds by noting that he previously filed two post-conviction petitions in state court both of which asserted ineffective assistance of counsel claims and requested further

---

[2] In neither of the two previously filed post-conviction petitions in state court did petitioner receive an evidentiary hearing.  Thus, with respect to the three claims at issue in the pending motion, the question is whether petitioner would be entitled to relief if the facts alleged in support of those claims were proved to be true.

6

factual development and a hearing.  In neither proceedings did the state court grant the requested hearing.  Petitioner argues that based upon the state habeas petitions and exhibits along with the initial proffer presented to this court, it is clear that he has demonstrated a colorable claim of ineffective assistance of counsel at the penalty phase of his trial.  In this regard, petitioner recounts his allegations that his inexperienced trial counsel elected to proceed without co-counsel and then was permitted to withdraw between the guilt and penalty phases due to health concerns in light of his representation to the court that new counsel who was familiar with petitioner's case was available and prepared to proceed with the penalty phase.  In fact, petitioner contends, new counsel soon advised the trial court that nothing had been done to prepare for the petitioner's penalty phase trial.  As a result of defense counsel's unpreparedness, the mitigation presentation on behalf of petitioner was exceedingly brief, covering only twenty-two pages of transcript. Petitioner claims that his counsels' failure to investigate and present a case in mitigation constituted ineffective assistance.

In addition, petitioner contends that the proffer made to this court provides an overview of the quality and quantity of mitigation evidence that was available to the defense at the time of petitioner's trial but was neither investigated nor presented except in the most summary fashion.  That evidence, petitioner argues, would have demonstrated his history of instability, the brutality and alcoholism in his family, his impoverished childhood, his helpful and quiet nature prior to his military service, the devastating impact on

7

his life caused by his combat experience in Vietnam, his inability to adjust upon his return from the war, his predisposition to and fall into drug dependency and his psychological problems and neurological deficits. Petitioner argues that had this mitigation evidence been fully presented there is a reasonable probability that the jury's penalty phase decision would have been different.

Petitioner's arguments are persuasive. He has alleged a colorable claim of ineffective assistance of counsel during the penalty phase, a claim upon which he did not receive a hearing in state court. He has supported the allegations in support of that claim with a detailed preliminary proffer. He therefore is entitled to an evidentiary hearing on that claim. See, e.g., Landrigan v. Schiro, 441 F.3d 638, 643, 650 (9th Cir. 2006) (en banc) (where petitioner is denied appointment of an expert and an evidentiary hearing on his ineffective assistance of counsel claim in state court he is entitled to an evidentiary hearing in his federal habeas action if he can establish a colorable claim for relief); Earp, 431 F.3d at 1185 (vacating district court's summary judgment on ineffective assistance of counsel claim and remanding for evidentiary hearing); Siripongs v. Calderon, 35 F.3d 1308, 1316 (9th Cir. 1994)("[T]he district court should not have granted summary judgment to the government on Siripongs' claims of ineffective assistance of counsel .... Petitioner is entitled to an evidentiary hearing and the resolution of these claims by the district court on the basis of a fully developed factual record."); Smith v. McCormick, 914 F.2d 1153, 1170 (9th Cir. 1990)(holding petitioner was entitled to

evidentiary hearing solely on the question of ineffective assistance of counsel and remanding with instructions to conduct that hearing).

### B. Petitioner's Claim that California's Statutory Scheme Fails to Adequately Narrow Application of the Death Penalty

Petitioner also seeks to expand the record by presenting empirical evidence in support of his claim that California's death penalty scheme fails to narrow those eligible for the death penalty in any meaningful way. Petitioner points out that he brought this claim to the state courts and requested, but did not receive, a hearing. Specifically, petitioner seeks leave to present the court with statistical evidence currently being gathered in two other cases currently pending in this district. See Frye v. Goughnour, No. Civ. S-99-628 LKK JFM and Riel v. Goughnour, No. Civ. S-01-507 LKK KJM. Respondent opposes the motion, arguing that this claim by petitioner fails as a matter of law under the decisions in Mayfield v. Woodford, 270 F.3d 915, 924 (9th Cir. 2001) (en banc) and Karis v. Calderon, 283 F.3d 1117, 1141 n.11 (9th Cir. 2002). Respondent's argument has previously been rejected by the court. (See Order filed July 27, 2004 at 8-9 in Frye v. Goughnour, No. Civ. S-99-628 LKK JFM and Riel v. Goughnour, No. Civ. S-01-507 LKK KJM.)

Petitioner has alleged a colorable claim that the California death penalty scheme violates the narrowing requirement of Furman v. Georgia, 408 U.S. 238 (1972). He did not receive a hearing in state court on this claim. He therefore is entitled to submit evidence to this court in support of that claim. Accordingly, his motion will be granted without prejudice to a motion to exclude or

9

limit that presentation depending on the nature of the additional evidence developed in the two cases pending before the court noted above.

### C. Petitioner's Claim that He Was Denied His Right to Meaningful Appellate Review

Finally, petitioner seeks an evidentiary hearing on his claim of lack of meaningful appellate review of death judgments by the California Supreme Court. Counsel for petitioner state that they anticipate expanding the factual record regarding this claim by submitting statistical information similar to that collected by legal commentators as well as testimony from an expert to put those statistics in context. Respondent opposes the motion for an evidentiary hearing with respect to this claim, arguing that petitioner has given no specific indication of what evidence he would offer in support of this claim and that in the absence of evidence there is no need for a hearing.

Although the court remains somewhat unclear regarding the precise nature of the evidence petitioner proposes to present in support of this claim, the court will exercise its discretion to grant the motion for an evidentiary hearing as to this claim.[3]

/////

---

[3] Counsel for both parties agreed at the hearing that in the event the motion for evidentiary hearing is granted regarding this claim, the evidence may well be capable of submission by way of declaration and cross-examination, deposition or in some other fashion rather than a classic evidentiary hearing conducted before the court. The undersigned encourages counsel to meet and confer in pursuit of such options particularly as to any evidence to be submitted with respect to this claim.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for order allowing depositions to preserve testimony is granted. The depositions shall occur as soon as practicable with the dates and locations of the depositions to be agreed upon by the parties. The depositions shall be videotaped absent further order of the court.

2. Petitioner's motion for evidentiary hearing is granted as set forth above.

3. A status conference is **SET** for August 15, 2006, at 10:30 a.m.[4] Counsel are directed to meet and confer prior to that time and to be prepared at the status conference to discuss the manner in which evidence will be presented to the court, to schedule the evidentiary hearing and to discuss the status of the parties' preparation for that evidentiary hearing.

DATED: July 27, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

ddad1\orders\webster0306.evid.hearing

---

[4] Parties may appear at the conference telephonically. To arrange telephonic appearance, parties shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128.

11