1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  LARRY JUNIOR WEBSTER,
                                    NO. CIV. S-93-306 LKK/DAD DP
12          Petitioner,

13      v.                                       O R D E R

14  JILL L. BROWN, Warden of the
    California State Prison at
15  San Quentin, et al,

16          Respondents.

17  _____/

18       Pending before the court is a motion for reconsideration of

19  the magistrate judge's order granting an evidentiary hearing on

20  three of petitioner's claims.  These claims include petitioner's

21  ineffective assistance of counsel claim, the claim that California

22  failed to properly narrow the pool of death-eligible cases, and the

23  claim that petitioner was denied meaningful appellate review.  As

24  explained below, the motion is denied.

25       In non-dispositive matters, "[t]he district court must defer

26  to the magistrate judge's orders unless they are clearly erroneous

1  or contrary to law." <u>Grimes v. San Francisco</u>, 951 F.2d 236, 240

2  (9th Cir. 1991).  Only if the district court is left "with the firm

3  and definition conviction" that the orders were mistaken should it

4  set them aside.  <u>United States v. United States Gypsum Co.</u>, 333

5  U.S. 364, 395 (1948).  This is a particularly high standard given

6  the broad judicial discretion afforded with respect to holding

7  evidentiary hearings.  <u>See</u> <u>Pagan v. Keane</u>, 984 F.2d 61, 64 (2d Cir.

8  1993) ("In every case he has the power, constrained only by his

9  sound discretion, to receive evidence bearing upon the applicant's

10 constitutional claim.") (quoting <u>Townsend v. Sain</u>, 372 U.S. 293,

11 318 (1963)).

12      First, respondent argues that petitioner's ineffective

13 assistance of counsel, as supported by current declarations, is

14 unexhausted and that an evidentiary hearing is therefore

15 inappropriate.  The court disagrees.  First, this is not a case

16 where the petitioner negligently failed to develop the facts

17 supporting a claim at a state court evidentiary hearing.  <u>Cf.</u>

18 <u>Keeney v. Tamayo-Reyes</u>, 540 U.S. 1 (1992).[1]  Rather, the petitioner

19 here actually sought -- but was denied -- the opportunity to

20 develop the facts at a state court hearing.  Second, only claims

21 must be exhausted, not evidence or exhibits.  <u>See</u> <u>Austin v.</u>

22

23      [1] Furthermore, in <u>Keeney</u>, the Supreme Court addressed the
situations in which an evidentiary hearing was mandatory but did
24 not change the law with respect to when an evidentiary hearing
would be permissible.  504 U.S. at 23 ("[D]istrict courts . . .
25 still possess the discretion, which has not been removed by today's
opinion, to hold hearings even where they are not mandatory")
26 (O'Connor, J., dissenting).

1  Swenson, 522 F.2d 168, 170 (8th Cir. 1975) ("Exhaustion does not

2  require that all of the evidence shall have been submitted.");

3  Nelson v. Moore, 470 F.2d 1192, 1197 (1st Cir. 1972).  Here,

4  petitioner is merely offering support for the factual allegations

5  underlying the ineffective assistance of counsel claim made in

6  state court.

7        Next, respondent argues that the hearing on petitioner's claim

8  that California's death penalty scheme fails to meaningfully narrow

9  those eligible for the death penalty is pointless, because the

10  claims  has  already  been  rejected  by  the  Ninth  Circuit.

11  Respondent's position is that the claim is purely a question of

12  law.  The court disagrees.  Petitioner is not mounting a facial

13  attack on California's death penalty scheme; rather, he is merely

14  arguing that its enforcement is unconstitutional.  See People v.

15  Ballard, 794 N.E.2d 788, 826 (Ill. 2002) (McMorrow, J., concurring)

16  ("the question of whether the constitutional requirement of

17  narrowing has occurred is a factual one").  Accordingly, an

18  evidentiary hearing is not inappropriate.

19       Finally, respondent maintains that an evidentiary hearing on

20  the  denial  of  meaningful  appellate  review  is  an  abuse  of

21  discretion, because petitioner has not come forward with a basis

22  for the claim.  To the contrary, petitioner has indicated that when

23  petitioner's death penalty appeal was pending, three justices on

24  the California Supreme Court were ousted in a judicial retention

25  election.  Petitioner further alleges that his "appeal was heard

26  by  the  new  court,  suitably  reformulated  to  reflect  a  specific

3

1  political agenda to affirm death sentences." Opp'n to Mot. at 7.

2  While not passing on the merits of the claim, the court finds that

3  it was not an abuse of discretion (much less a clearly erroneous

4  abuse of discretion) for the magistrate judge to err on the side

5  of caution and permit petitioner to present evidence in support of

6  his claim at a hearing.

7      The motion for reconsideration is denied.

8      IT IS SO ORDERED.

9      DATED: March 29, 2007.

10

11

12      LAWRENCE K. KARLTON
        SENIOR JUDGE
13      UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26