IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JUNIOR WEBSTER, | No. CIV.S-93-0306 LKK DAD DP |
| Petitioner, | |
| v. | <u>ORDER RE RESPONDENT'S MOTION FOR DISCOVERY</u> |
| S.W. ORNOSKI, Acting Warden of the California State Prison at San Quentin, | |
| Respondent. | **DEATH PENALTY CASE** |

This capital habeas action came before the court on May 11, 2007, for hearing on respondent's motion for leave to conduct discovery with respect to trial counsel's files. James S. Thomson and Timothy J. Foley appeared on behalf of petitioner. Deputy Attorney General Patrick J. Whalen appeared on behalf of respondent. Having considered all written materials submitted in connection with the motion, and after hearing from the parties, the motion will be granted in part with petitioner's counsel being directed to deliver the requested documents to chambers for *in camera* review.

1

**THE ARGUMENTS OF THE PARTIES**

Through this motion respondent seeks all files of trial counsel relating to petitioner's capital murder trial that are in the possession of either trial counsel or the Office of the Federal Defender.[1]  Respondent seeks such discovery on the grounds that by alleging ineffective assistance of trial counsel with respect to the preparation of the penalty phase of his trial, petitioner has waived the attorney-client privilege as to all communications with his allegedly ineffective trial attorneys.  Specifically, respondent argues that it is vital that they be allowed to review trial counsel's files to determine what facts were known to them and what steps they took in preparing for the penalty phase and in order to defend against petitioner's ineffective assistance claim.

Petitioner's counsel represents that they are in possession of all trial counsel's files and, subject to a protective order, are voluntarily making available for respondent's review the vast majority of those files.  However, petitioner's counsel has identified approximately 200 pages of the approximately four bankers boxes of trial counsel's files which they believe are not subject to discovery.  The disputed categories of documents are those responsive to the following discovery requests by respondent: (1) Materials relating to expert psychiatric and psychological examinations, interviews and testing of petitioner at the time of trial; (2) documents obtained by trial counsel from counsel representing

---

[1] In this regard, respondent has requested that subpoenas be issued to both trial counsel requiring them to produce their files.

petitioner in connection with his 1974 and 1977 convictions in the State of Washington for burglary and assault; and (3) documents relating to California Penal Code § 987.9 funding requests other than the billings of the trial investigator.

Petitioner acknowledges that the attorney-client privilege may be waived when a habeas petitioner raises a claim of ineffective assistance of counsel. However, petitioner asserts that the waiver is limited by, and must be closely tailored to, the scope of the claims presented. In this regard, petitioner contends that while he has claimed ineffective assistance of counsel in connection with the penalty phase of his trial, he has not presented any evidence of psychiatric diagnosis or mental illness in connection with that claim. Thus, he concludes, materials relating to expert psychiatric and psychological examinations and interviews at the time of his trial are not relevant to his ineffective assistance of counsel claim and he has not waived the privilege with respect to those materials.[2] Likewise, petitioner argues that at his trial he did not dispute the prior convictions and in the petition before this court he has not claimed that his counsel was ineffective with regard to those prior convictions. Accordingly, he argues that the records sought are simply not relevant to his ineffective assistance of counsel claim and he has not waived the privilege with respect thereto. Finally, petitioner advances the same argument with respect to the § 987.9

---

[2] Petitioner also argues that both the work product and psychotherapist-patient privileges are in place and independently protect these documents from disclosure.

3

records other than those relating to the billings of his trial investigator.

In reply, respondent argues that all materials in trial counsel's files must be disclosed once a claim of ineffective assistance of trial counsel is presented. Respondent contends that the waiver of the attorney-client privilege in such circumstances is unlimited. Respondent claims that this is the case because in order to inquire into the reasonableness of counsel's action under the <u>Strickland</u> standard, it is imperative to know everything that counsel knew at the time as well as exactly what investigation counsel had conducted and what counsel had learned as a result. Specifically, respondent contends that knowing the result of psychiatric or psychological investigation which trial counsel conducted is extremely relevant to evaluating the reasonableness of the additional steps counsel did or did not take in preparing for the penalty phase of petitioner's trial.[3]

**ANALYSIS**

The court finds unpersuasive respondent's argument that the inclusion of an ineffective assistance of counsel claim in a habeas petition constitutes an unlimited waiver of the attorney-client privilege. The scope of the implied waiver of the attorney-client

/////

---

[3] At the hearing on the motion respondent's counsel indicated that in light of the representations of counsel for petitioner that they possessed all of trial counsel's files, respondent wished to reserve the request that subpoenas be issued to trial counsel requiring the production of those files.

4

1 privilege in this context has been specifically addressed by the
2 Ninth Circuit Court of Appeals as follows:

> [T]he doctrine of implied waiver allocates control of the privilege between the judicial system and the party holding the privilege." Privileged Communications, 98 Harv. L.Rev. at 1630. The court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials *if* it wishes to go forward with its claims implicating them. The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it. See, e.g., Amlani, 169 F.3d at 1195 (holding that courts must evaluate "whether allowing the privilege would deny the opposing party access to information vital to its defense" (internal quotation marks omitted)); Chevron, 974 F.2d at 1162. Essentially, the court is striking a bargain with the holder of the privilege by letting him know how much of the privilege he must waive in order to proceed with his claim.
>
> The first is that <u>the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose. Courts, including ours, that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question</u>. See, e.g., Kerr v. U.S. Dist. Court, 426 U.S. 394, 405, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (recognizing the need to ensure that the "balance between petitioners' claim[ ] of ... privilege and plaintiffs' asserted need for the documents is correctly struck"); Amlani, 169 F.3d at 1196 (holding that "only those documents or portions of documents relating to the [claim asserted by the client] [should be] disclosed"); Greater Newburyport Clamshell Alliance v. Pub. Serv. Co., 838 F.2d 13, 22 (1st Cir.1988) (holding that the client need reveal only 721 information "for which defendants have so far shown a true need

5

>            and without which they may be unfairly prejudiced
>            in their defense"); see also Mueller &
>            Kirkpatrick § 5.31, at 553 (suggesting that "in
>            applying the doctrine of implied waiver by claim
>            assertion, courts must be careful to target only"
>            those privileged materials without which the
>            adverse party would be unfairly prejudiced).

Bittaker v. Woodford 331 F.3d 715, 720-21 (9th Cir. 2003) (en banc) (emphasis added). See also Mason v. Mitchell, 293 F. Supp. 2d 819, 829 (N.D. Ohio 2003) (ineffective assistance of counsel claim limited to penalty phase and respondent therefore precluded from obtaining documents from trial counsel's files relating to the guilt phase of petitioner's trial).

In order for this court to closely tailor the scope of the implied waiver so that only those documents, or portions of documents, relating to the ineffective assistance of counsel claim asserted by petitioner are disclosed, the court will conduct an *in camera* review of the approximately 200 pages of documents being withheld by petitioner's counsel. See United States v. Amlani, 169 F.3d 1189, 1196 (9th Cir. 1999); see also Kerr v. United States Dist. Court, 426 U.S. 394, 405 (1976) (" in camera review of ... documents is a relatively costless and eminently worthwhile method to insure that the balance between petitioners' claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck.")

Accordingly, petitioner's counsel shall submit the documents in question to chambers for in camera review by May 24, 2007. Following the in camera review the court will issue an order requiring the disclosure of those documents or portions of documents,

if any, sought by respondent that are not protected by the asserted privilege(s).

IT IS SO ORDERED.

DATED: May 21, 2007.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

orders.capital/webster0306.trialcounseldisc