UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY J. WEBSTER,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN, San Quentin State Prison,<br><br>        Respondent. | No. CIV. S-93-0306 LKK DAD<br><br>**DEATH PENALTY CASE**<br><br>**AMENDED ORDER** |

Petitioner, a state prisoner under sentence of death, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 4, 2014, the Magistrate Judge filed Findings and Recommendations, which recommended that the application be granted on Petitioner's claim that he was denied effective assistance of counsel at the penalty phase of his trial. The Magistrate Judge further recommended that Petitioner's remaining claims be denied. The Findings and Recommendations were served on the parties and contained notice to the parties that any

objections to the findings and recommendations were to be filed within thirty days.  Both parties filed objections to the findings and recommendations, and both filed replies to the other's objections.

Petitioner objected to the Magistrate Judge's rejection of his claims that in violation of his rights under the U.S. Constitution,

1. he was denied meaningful appellate review by the California courts,

2. California's statutory scheme failed to adequately narrow the application of the State's death penalty,

3. the definition of the "lying in wait" special circumstance, which was used to qualify Petitioner for the death penalty, was unconstitutionally broadened to cover his circumstance,

4. regarding jury instructions during the penalty phase, the trial judge erred by giving CALJIC 8.84.2, which states that "you shall impose a sentence of death" if the jury concludes that the aggravating factors outweigh the mitigating factors,

5. the trial court failed to conduct an independent review of the death sentence, as required by California law,

6. he received ineffective assistance of counsel during the guilt phase of his trial, inasmuch as his counsel failed to investigate and introduce certain mitigating evidence, and

7. the cumulative impact of the above deprived Petitioner of a fair trial.

Petitioner did not object to the Magistrate Judge's rejection of his claims that in violation of his rights under the

2

1  U.S. Constitution,

2     8. the "lying in wait" special circumstance failed to make a
3  meaningful and principled basis for distinguishing capital and
4  non-capital cases,

5     9. the application of "Proposition 8" to his suppression
6  motion violated his rights under the Ex Post Facto Clause of the
7  U.S. Constitution,

8     10. the trial court improperly admitted the testimony of
9  Michelle Cram and Detective Burchett,

10     11. he received ineffective assistance of counsel during
11  jury selection,

12     12. he received ineffective assistance of counsel during a
13  pretrial suppression hearing, inasmuch as his counsel failed to
14  adequately cross-examine the prosecution's witnesses at that
15  hearing, and

16     13. the trial court's failure to put side-bar conversations
17  on the record precluded meaningful appellate review and violated
18  his Due Process rights.

19     The Respondent objected to the Magistrate Judge's
20  recommendation that the application be granted with respect to
21  Petitioner's claim that he was denied effective assistance of
22  counsel at the penalty phase of his trial in violation of his
23  rights under the Sixth Amendment to the U.S. Constitution.

24     The court has reviewed the file, including the Findings and
25  Recommendations, the objections and the replies, and finds the
26  Findings and Recommendations to be supported by the record and by
27  the Magistrate Judge's analysis.  Accordingly, **IT IS HEREBY**
28  **ORDERED** that:

1.  The findings and recommendations filed June 4, 2014 (ECF No. 480) are adopted in full.

2.  Petitioner's application for a writ of habeas corpus is **GRANTED** on the grounds that he was denied effective assistance of counsel in connection with the penalty phase of his trial, in violation of his rights under the Sixth Amendment to the U.S. Constitution, as alleged in Claim 22 of his application. Petitioner's sentence of death shall be vacated and a lesser sentence imposed that is consistent with state law, unless the state commences a new penalty trial within ninety (90) days of the filed date of this order.

3.  Petitioner's application is denied in all other respects.

4.  No certificate of appealability shall issue. See 28 U.S.C. § 2253.[1]

DATED:  August 26, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] See also, Hanson v. Mahoney, 433 F.3d 1107, 1111 (9th Cir. 2006) ("Under 28 U.S.C. § 2253(c)(1), a 'circuit justice or judge' must issue a COA before an appeal of a final order in a case under § 2254 may be taken.  It is well settled that the phrase 'circuit justice or judge' – although ambiguous – includes district judges as well as circuit judges"), cert. denied, 547 U.S. 1180 (2006).

4